UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMILEY AUTO GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 23 C 16333 ) ) Judge Sara L. Ellis |
| VILLAGE OF MAYWOOD, JAMES KRISCHKE, DARYL FAIRLEY, THEODORE YANCY, ANGELA SMITH, and WALTER DUNCAN, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Beginning in 2018, Plaintiff Smiley Auto Group, LLC ("Smiley") occupied the premises located at 315 West Roosevelt, Maywood, Illinois (the "Premises"). Defendant Village of Maywood (the "Village") purchased the Premises out of bankruptcy in September 2023 and proceeded to evict Smiley soon thereafter. Smiley has turned to this Court to complain about the eviction, filing suit against the Village and several of its employees: Village Manager James Krischke, Lieutenant Daryl Fairley, Acting Chief of Police Theodore Yancy, Director of Community Development Angela Smith, and Director of Building and Code Walter Duncan. In its first amended complaint, Smiley brings claims for due process violations under the U.S. and Illinois Constitutions (Counts I and II), illegal seizure in violation of the U.S. and Illinois Constitutions (Counts III and IV), wrongful eviction (Count V), trespass (Count VI), and conversion (Count VII). Defendants have moved to dismiss Smiley's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Smiley has not sufficiently alleged that it had a protected property interest that would allow it to pursue its federal due process and illegal seizure claims, the Court dismisses the first amended complaint without prejudice and defers

consideration of the state law claims until Smiley pleads a sufficient basis for subject matter jurisdiction.

## BACKGROUND[1]

On February 27, 2018, Holdings Group LLC – Monroe 1 Holdings Group LLC ("Holdings Group"), as the authorized agent for LLC 1 07 CH12487 ("Owner"), and Smiley entered into a commercial lease agreement for the Premises. The lease had a one-year term, starting March 1, 2018. It provided that, if Smiley continued to occupy the Premises with Holdings Group's written consent after the expiration of this term, without any further written agreement, Smiley would become a month-to-month tenant. If Smiley continued to occupy the Premises after the one-year term without Holdings Group's written consent, the lease provided that Smiley would instead become a tenant at will. The lease described the sole permitted use of the Premises as automotive sales and indicated that Holdings Group could terminate the lease without notice if Smiley ceased operating a business from the Premises or used it for any purpose other than automotive sales. If Smiley abandoned the Premises, the lease provided that Holdings Group could enter by any means, treat any personal property left on the Premises as abandoned, and dispose of such personal property in any manner it deemed proper. Pursuant to the lease, Smiley could not assign or sublease the Premises without Holdings Group's written consent.

---

[1] The Court takes the facts in the background section from Smiley's first amended complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). Smiley takes issue with Defendants' arguments based on the lease and the bankruptcy court filings it attached to its motion to dismiss. Smiley attached the lease to the first amended complaint, and the lease itself trumps any allegations to the contrary. *N. Ind. Gun & Outdoors Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998). As for the bankruptcy court filings, Smiley alludes to both documents in the first amended complaint, and the Court may take judicial notice of the fact of these filings and any facts contained therein that are not subject to reasonable dispute. *See Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018) ("Although a court may generally take judicial notice of public records, under Federal Rule of Evidence 201, a court may judicially notice only a fact that is not subject to reasonable dispute.").

Smiley took possession of the Premises in March 2018 and operated a used car dealership there until January 2022. On January 28, 2022, Smiley's sole owner assigned his membership interest in Smiley to LC Smiley Otto ("Otto"), an Arizona limited liability company. Tiffany Webb manages both Smiley and Otto. After accepting the assignment of Smiley's membership interest, Webb took possession of the Premises as Smiley's manager. Webb proceeded to move various items of personal property, including appliances, vehicles, clothing, and papers, to the Premises. To protect and secure the Premises, Webb contracted with Frontpoint Security ("Frontpoint") to install and maintain an alarm system at the Premises. Frontpoint called the Maywood Police to the Premises on several occasions after the alarm on the Premises went off.

On December 13, 2013, prior to Smiley's lease of the Premises, the Owner filed a Chapter 7 bankruptcy petition, with the bankruptcy court appointing a Chapter 7 Trustee to administer the assets of the estate, including the Premises. The bankruptcy court granted the Owner's motion for voluntary dismissal in October 2017, which the district court vacated in October 2018, returning the case to the bankruptcy court. The Trustee knew that Smiley occupied the Premises and mentioned the Smiley lease in various filings in the bankruptcy case. He also sought to take an examination of Webb in 2020 to find out more information about Smiley and its possession of the Premises. In 2023, the Trustee solicited bids to sell the Premises. The bankruptcy court approved the sale of the Premises to the Village for $360,000 on July 19, 2023.[2] On September 26, 2023, the deal closed, and the Village became the owner of the Premises. The Village knew that Smiley had possession of the Premises because the Village Clerk had issued, and later renewed, a business license allowing Smiley to operate its business at the Premises.

---

[2] The bankruptcy court entered an amended order approving the sale on August 17, 2023.

On October 2, 2023, various Village employees, including members of the Maywood Police, Public Works, and Planning and Development Departments appeared at the Premises to evict Smiley. Webb and Smiley did not receive a notice of eviction or a forcible detainer complaint. Village employees broke the lock that Webb had installed on the Premises and had a locksmith change the locks. They disposed of Smiley's personal property by placing it in a Village dump truck. They also disconnected the cameras Webb had installed on the Premises, which alerted Webb to the eviction. When Webb arrived at the Premises that day, Yancy informed her and the other Smiley representative that they should leave the Premises or risk arrest.

Despite Smiley's demands that the Village place it back into possession of the Premises, the Village has refused. The Village represents that Smiley and Webb's personal property has been returned to the Premises, but Smiley and Webb cannot verify that because they have not had access to the Premises since October 2. The Village has advised Smiley that Smiley can only remove personal property from the Premises if it provides the Village with documentation proving its ownership of that property.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v.*

4

*Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Defendants move for dismissal of the first amended complaint on various grounds, including that Smiley did not have a legal right to possess the Premises at the time of the eviction. The Court turns to Smiley's federal claims first because if the federal claims cannot proceed, the Court would decline to exercise supplemental jurisdiction over the state claims. *See* 28 U.S.C. § 1367(c)(3).

Smiley's federal due process and illegal seizure claims both require allegations that Smiley had a property interest in the Premises.[3] "[T]he threshold question in any due process challenge is whether a protected property or liberty interest exists." *Citizens Health Corp. v. Sebelius*, 725 F.3d 687, 694 (7th Cir. 2013); *Haney v. Winnebago Cnty. Bd.*, No. 3:19-cv-50191, 2020 WL 1288881, at *6 (N.D. Ill. Mar. 18, 2020) ("Both substantive and procedural due process claims require a plaintiff to identify a constitutionally protected right to property or liberty."). Similarly, under the Fourth Amendment, "[a] 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). To qualify as a constitutionally protected property interest, the right must be created by "existing rules or understandings that stem from an

---

[3] While the Court focuses on the federal claims, it notes that Smiley's state law due process and illegal seizure claims also require allegations that Smiley had a protected property interest. *See Haaayy, LLC v. Dep't of Fin. & Pro. Regul.*, 2024 IL App (1st) 221833, ¶ 44 ("The due process clauses of the United States and Illinois Constitutions are triggered only when a constitutionally protected liberty or property interest is at stake."); *People v. Burns*, 2016 IL 118973, ¶ 19 ("This court interprets the search and seizure clause of the Illinois Constitution in 'limited lockstep' with its federal counterpart." (citation omitted)).

independent source such as state law." *Kim Constr. Co. v. Bd. of Trs.*, 14 F.3d 1243, 1245–46 (7th Cir. 1994) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). A plaintiff "must have more than a unilateral expectation of" the claimed interest; he "must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577.

Here, Smiley attempts to rely on the lease as the source of its property interest. A valid lease can supply the required property interest. *See Wakley v. City of Indianapolis*, 776 F. App'x 376, 378 (7th Cir. 2019) ("A due-process claim requires the deprivation of a property interest, such as a leasehold."); *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 365 (7th Cir. 2019) ("GEFT's leasehold in the Esler Property is a protected interest that can support a procedural due process claim."); *Dyson v. City of Calumet City*, 306 F. Supp. 3d 1028, 1041–42 (N.D. Ill. 2018) (plaintiff had a property interest in the leasehold property, noting the fact "that Dyson holds a leasehold property interest rather that a fee simple one does not matter"). While Defendants recognize this, they argue that Smiley has not sufficiently alleged that it continued to hold a possessory interest in the Premises once the one-year term of the lease expired. Among other things, they point out that Smiley does not allege that it paid rent or obtained consent from Holdings Group to continue its occupancy. They also point out that, prior to the Village taking possession of the Premises, Smiley admits that it stopped using the Premises as an auto dealership, thereby abandoning the Premises under the lease. Further, Defendants contend that the Owner's bankruptcy case and the filings in that bankruptcy proceeding undermine any legitimate interest Smiley may have had in the Premises pursuant to the lease.

"[T]he existence of a landlord-tenant relationship is a legal conclusion that [the Court] can reject at the motion to dismiss stage," and so the Court must look closely at Smiley's allegations and the attached documents to determine whether it has alleged a plausible property

interest. *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 514 (7th Cir. 2020). While the Court does not find all of Defendants' arguments persuasive at this stage,[4] it agrees with Defendants that the first amended complaint lacks sufficient allegations to suggest that Smiley had a protected property interest in the Premises on October 2, 2023. The fact that the Owner had entered bankruptcy years before Smiley's lease of the Premises calls into question whether Smiley ever had a valid interest in possession of the Premises. *See* 11 U.S.C. § 541 (filing of a bankruptcy petition creates an estate, that includes "all legal or equitable interests of the debtor in property as of the commencement of the case"); *Ohio Land Mgmt., LLC v. Chesapeake Exploration, L.L.C.*, No. 4:15 CV 1754, 2018 WL 4680485, at *4 (N.D. Ohio Sept. 28, 2018) (automatic stay provisions of the bankruptcy code invalidated a debtor's post-petition lease of property, meaning the lessee held no interest in that property). Even assuming that Holdings Group had the authority to lease the Premises to Smiley in 2018, Smiley has not indicated the basis for its continued occupancy of the Premises once the one-year term of the lease expired, and understanding whether the lease continued to provide Smiley with a property interest after that term expired requires additional allegations about the applicable holdover situation. Smiley also has not alleged that it paid rent to Holdings Group, the Owner, the Trustee, or any other entity. And it admits in its first amended complaint that it stopped operating a used car dealership at the Premises in January 2022, which, under the terms of the lease, amounted to a

---

[4] The Court notes that Defendants contend that Smiley's sole member's assignment of interest to Otto created a tenancy by sufferance because the assignment violated the lease's no assignment clause and so deprived Smiley of any protectable property interest in the possession of the Premises. *See In re Sauk Steel Co.*, 133 B.R. 431, 437 (Bankr. N.D. Ill. 1991) ("A tenant at sufferance has no protectable property interest in continued possession of the premises."); *Pullem v. Evanston Young Men's Christian Ass'n*, 124 Ill. App. 3d 264, 268 (1984) ("Illinois case law recognizes that a tenant who retains possession of a leasehold after termination of the lease has no protectible property interest in the leasehold."). But Defendants appear to misread the first amended complaint and the attached assignment of interest, which provides that the sole member of Smiley assigned his interest in Smiley to Otto, not that Smiley assigned the lease to Otto. The Court therefore cannot infer at this stage that the assignment created a tenancy by sufferance.

7

breach allowing Holdings Group to terminate the lease without notice and deem any personal property on the Premises abandoned. Without more information that would move Smiley's contention that it had a valid possessory interest in the Premises and the personal property found there from merely possible to plausible, the Court cannot allow Smiley to move forward with its federal due process and illegal seizure claims at this time. The Court thus dismisses the federal claims without prejudice. If Smiley believes that it can allege sufficient facts to plausibly suggest a protected property interest in the Premises and/or the property found therein, it may file a second amended complaint doing so.[5]

Because the Court dismisses the federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims at this time. *See* 28 U.S.C. § 1367(c); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). The Court defers consideration of Defendants' arguments for dismissal of these claims until Smiley adequately alleges a basis for the Court's subject matter jurisdiction.[6]

---

[5] The Court also notes that the first amended complaint is not entirely clear as to whether the personal property at the Premises allegedly belongs to Smiley or to Webb. To the extent it belongs to Webb, the Court questions whether Smiley is the proper plaintiff to raise claims concerning this property. Similarly, if Webb, and not Smiley, claims the interest in the Premises, then Webb, and not Smiley, should assert claims related to the Premises.

[6] Although the Court does not address Defendants' arguments for dismissal of the state law claims at this time, the Court encourages Smiley to address any potential pleading deficiencies raised by Defendants in their motion concerning the state law claims in its second amended complaint.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss [25]. The Court dismisses Smiley's first amended complaint without prejudice and defers consideration of the state law claims until Smiley pleads a sufficient basis for subject matter jurisdiction. The Court grants Smiley until November 15, 2024, to file a second amended complaint.

Dated: October 15, 2024

								_____
								SARA L. ELLIS
								United States District Judge