# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SMILEY AUTO GROUP, LLC,<br><br>                    **Plaintiff,**<br>        v.<br><br>THE VILLAGE OF MAYWOOD, an Illinois municipal corporation, JAMES KRISCHKE, DARYL FAIRLEY, THEORDORE YANCEY, ANGELA SMITH, and WALTER DUNCAN,<br><br>                    **Defendants.** | **Case No. 23-cv-16333**<br><br>**Judge Ellis** |

## PLAINTIFF'S SUPPLEMENTAL RESPONSE

NOW COMES Plaintiff, Smiley Auto Group, LLC, by and through its attorney's, Netzky Olswang Hanlon LLC, with its Supplemental Response to the VILLAGE OF MAYWOOD (the "Village"), JAMES KRISCHKE, DARYL FAIRLEY, THEODORE YANCEY, ANGELA SMITH, and WALTER DUNCAN's Motion to Dismiss in accord with the Court's Order at Docket 45. and in opposition to said motion to dismiss states as follows:

## INTRODUCTION

This court requested supplemental briefing on the following issues: (1) the effect, if any, of the dismissal of the bankruptcy proceeding and pending appeal on the Owner's ability to lease the Premises in February 2018; (2) Plaintiff's status under the lease, and the basis for that status, at the time of the eviction; (3) whether a tenancy at will provides a lessee with a legally cognizable property interest; and (4) the legal effect, if any, of the 363(b)(1) sale of the Premises in September 2023 on the lease and/or any interest Plaintiff had in the Premises at the time of the sale. Accordingly, this supplement will address these four issues in sequential order as it relates to the insufficiency of the issue to warrant dismissal. Plaintiff however, takes issue with the framing of item #2 in that Item #2 refers to an "eviction" when the Defendants did not avail themselves of the powers of the Forcible Detainer court to evict Plaintiff.

**Relevant Facts from Bankruptcy Docket**
**in the case of the relevant debtor "LLC 107CH12487"**

| | |
|---|---|
| Petition Date: | 12/31/2013 |
| Type: | Chapter 7 |
| Meeting of the Creditors: | Adjourned 9/25/2014 |
| Individual Estate property Record | 4/27/15 Listing the Roosevelt Rd property |
| Village of Maywood Appearance | 7/1/2015 |
| Order Abandoning the Real Property from the Bankruptcy Estate | 8/2/2016 |
| Court Inquiry Date | February 2018 |

Plaintiff asks this court to take judicial notice of the bankruptcy court activity referenced above.

**A. The effect, of the dismissal of the bankruptcy proceeding and pending appeal on the Owner's ability to lease the Premises in February 2018.**

Upon the filing of a bankruptcy petition, the legal effect on a leasehold tenancy in a building owned by the debtor depends on whether the lease is considered part of the bankruptcy estate under 11 U.S.C. § 541. However, when a trustee in bankruptcy abandons real estate from the bankruptcy estate, upon abandonment of property by the bankruptcy trustee, the debtor resumes control or possessory interest over the property. Abandonment under 11 USCS § 554 removes the property from the bankruptcy estate, and it reverts to the debtor as if no bankruptcy petition had been filed. See *Jones v. Cty. of Chi. (In re Jones)*, 657 B.R. 238. In *Jones*, the court explained that property abandoned under 11 USCS § 554. ceases to be part of the estate and reverts to the debtor, restoring the debtor's possessory rights as if no bankruptcy petition had been filed. Even the legislative history and case law clarify that abandonment constitutes a divestiture of all the estate's interests in the property, and the property is no longer part of the bankruptcy estate. In , *In re Fuller*, 624 B.R. 852, the court emphasized that abandonment divests the estate of all interests in the property, reverting it to the debtor with the same rights as before the bankruptcy filing. The court highlighted that abandonment under § 554(a) or (b) is generally considered strictly irrevocable.

Moreover, the 7th Circuit in , *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, noted that abandonment reverts the property to the debtor, treating it as if the debtor had owned it continuously. As such, all of the right title and interest in the property reverted to the pre-bankruptcy ownership entity. Thus, that entity, LLC 107CH12487, had the full and complete legal right to sell, encumber, or lease the property as the Debtor saw fit and the Trustee lacked any authority as to the property and had no authority to do anything with that property whatsoever. See also: *In re Dewsnup*, which states that abandoned property ceases to be part of the estate and reverts to the debtor, restoring the debtor's rights to the property as they existed before the bankruptcy filing § 554.

**B.    Plaintiff's Status under the Lease, and the basis for that status, at the time of the eviction.**

As indicated in the introduction of this brief, plaintiff takes issue with the framing of this issue because there was no lawful eviction. Importantly, the claim to the property by the Village of Maywood is beguiled by the abandonment order entered in the bankruptcy court on 8/2/2016. Plaintiff's contention is absent a forcible detainer action, Plaintiff was a tenant, had a possessory interest based upon her lease with the lawful owner because Plaintiff took possession lawfully under a lease agreement with actual ownership at time of original occupancy. The lease establishing initial occupancy is attached to the Complaint as Exhibit A. Because the Bankruptcy Court authorized an abandonment order long before it entered an order authorizing the sale of the property, Maywood was never in lawful possession because the Trustee lacked any power to sell an asset that was not part of the bankruptcy estate. Thus, if the Village of Maywood wanted to pursue any rights to the property it would have been obligated to pursue an action in forcible detainer or other chancery type functions in the Circuit Court. However, because the sale to Maywood was never at all valid to begin with, Maywood seeking forcible detainer would have been a futile endeavor.

3

Maywood never had lawful ownership because the real estate was ***irrevocably*** abandoned by the Bankruptcy Trustee prior to the Trustee's alleged sale to Maywood. As indicated above, once a property is abandoned from a bankruptcy estate that abandonment is irrevocable! Id. Thus Plaintiff was a lawful tenant of ownership at the time that the Village of Maywood entered upon the property without having any lawful right to the real estate. Although it is a harsh reality, the Village of Maywood was represented by counsel and despite its claims that it obtained ownership via sale from the bankruptcy court, the court and the trustee there had lost control over the property long before deciding to sell something it did not own.

**C. Whether a tenancy at will provides a lessee with a legally cognizable property interest;**

Plaintiff also takes issue with the framing of this question. The Village of Maywood's argument is predicated upon its claim that it did not give its written consent to continue to occupy the property. The owner is LLC 107CH12487, not the Village of Maywood because the Village of Maywood obtained its claim to the real estate from a party that had already been divested of any ownership in the real estate.

Only the actual owner has the right to terminate tenancy or consent to the continued occupancy of the tenant. Here, Defendant, Village of Maywood, claims that its failure to provide its written consent is the basis for the tenancy at will claim. This is erroneous because the Village of Maywood never had the power to consent to occupancy or do anything with the property as the property is not owned by the Village of Maywood as explained above in the section dealing with the effect of the Bankruptcy Court's abandonment of the real estate in the bankruptcy estate. Accordingly, since, Smiley Auto Group, LLC occupancy was obtained from the true owner and the sole basis for Village of Maywood's Claim of Ownership is purportedly derived from the act of the September 2023 sale by the Bankruptcy Trustee that had been divested of the power to sell the property to the Village of Maywood, the occupancy of Smiley Auto Group, LLC in the property cannot be challenged by the Village of Maywood. That is because the Village of Maywood has no claim whatsoever to the real estate.

4

**D. The legal effect, if any, of the 363(b)(1) sale of the Premises in September 2023.**

As pointed out above, abandonment is irrevocable. *In re Fuller*, 624 B.R. 852. Because the Bankruptcy Trustee abandoned the property that is the subject of this dispute, the Bankruptcy Trustee lacked any power over the property when the Village Claims to have acquired the property from the Trustee. The Seventh Circuit has also addressed the issue of irrevocability and concluded that abandonment is irrevocable. *In re Lintz W. Side Lumber, Inc.*, 655 F.2d 786. Here, there was no procedure in the bankruptcy court to revoke the abandonment order based on the exceptions set forth in *In re Lintz W. Side Lumber, Inc.* 655 F.2d 786. Thus, the legal effect of the 363(b) sale was a nullity conveying nothing as the bankruptcy estate did not own the property that the Trustee purportedly conveyed to the Village of Maywood.

## Conclusion

For the reasons stated hereinabove, Plaintiff prays that this honorable Court deny the Defendant's motion to dismiss and if necessary allow Plaintiff to file a second amended complaint addressing the issues raised in this supplemental brief and for such other and further relief as this court deems just and equitable.

Respectfully submitted,
Smiley Auto Group LLC


By: /s/ Robert T. Hanlon
One of its attorneys


Robert T. Hanlon (6286331
Netzky Olswang Hanlon LLC
8605 West Bryn Mawr Ave
Chicago, IL   60631
312-622-7325

**Proof of Service**

I Robert T. Hanlon, an attorney, certify that I filed **PLAINTIFF'S SUPPLEMENTAL RESPONSE**  on December 29, 2025 via the CM/ECF system which sent notice to all counsel of record including:

**John A. Wall**
Klein, Thorpe & Jenkins, Ltd.
20 North Wacker Drive
Suite 1660
Chicago, IL 60606-2903
(312) 984-6400
Email: jawall@ktjlaw.com

**Howard C. Jablecki**
Klein, Thorpe And Jenkins, Ltd.
20 N. Wacker Drive, Suite 1660
Chicago, IL 60606-2903
312 984 6451
Email: hcjablecki@ktjlaw.com

**Kaylee Hartman** Klein
Thorpe And Jenkins, Ltd.
120 S, Lasalle St.
Suite 1710
Chicago, IL 60603
(312) 984-6400
Email: kmhartman@ktjlaw.com

/s/Robert T. Hanlon

6